UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Michael J. Lesak and Ellen Marie Lesak, | ) | No. 11 B 34825 |
| | ) | |
| Debtors. | ) | Judge Carol A. Doyle |

**MEMORANDUM OPINION**

Michael and Ellen Lesak filed a voluntary Chapter 7 petition and listed an annuity valued at $247,836 in their amended schedules. They claimed exemptions under four Illinois statutory provisions, including two exemptions related to life insurance and one for personal bodily injury claims. The trustee objects to three of the claimed exemptions on the basis that the annuity does not fall within two of the exemptions for payments related to life insurance and that the time for claiming an exemption based on a personal bodily injury has expired. The court agrees with the trustee that the claimed exemptions do not apply to the annuity. The trustee's objection will be sustained.

I.   **Background**

The debtors filed their bankruptcy petition in August 2011. They filed an amended Schedule B in December 2011 disclosing an annuity from American General Life with a value of $247,836. They also filed an amended Schedule C claiming four exemptions for the annuity under the Illinois exemption statute. The annuity arises from a structured settlement for a personal injury suffered by Ellen Lesak. The annuity is payable to Michael Lesak in settlement of his claim for loss of consortium related to Ellen Lesak's injury. The chapter 7 trustee, Barry A. Chatz, objects that three of the debtors' claimed exemptions are invalid. He argues that two of the exemptions apply only to life insurance contracts and that the exemption for payments

made on account of personal bodily injury does not apply to a settlement for loss of consortium and that, in any event, the time period for asserting this exemption has expired.

## II.    735 ILCS 5/12-1001(f) – Annuity Contracts

The debtors first claim an exemption pursuant to 735 ILCS 5/12-1001(f), which exempts

> All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not[.]

The Trustee contends that this provision applies to protect only proceeds paid under a life insurance contract upon the death of the insured. He asserts that the annuity is not exempt under this section because it was not created with proceeds paid on the death of Ellen Lesak, who is still living. The debtor responds that this provision exempts all annuities payable to a wife or husband of an insured regardless of whether the annuity provides a form of life insurance.

Neither argument is entirely correct. Section 1001(f) exempts more than just payments that are made on a life insurance policy after the death of the insured. The second phrase of the first sentence exempts "the aggregate *net cash value* of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured." 735 ILCS 5/12-1001(f) (emphasis added). This provision expressly exempts the aggregate cash value of life insurance policies and similar contracts, which exists only before a payment is made upon the death of the insured. Under a typical life insurance policy, there is no cash value once a death benefit is paid. Courts have consistently recognized that the exemption applies to the net cash value of life insurance policies when the other requirements of the statute are met. *E.g., In re*

*Bowen*, 458 B.R. 918, 921-22 (Bankr. C.D. Ill. 2011); *In re DeRosear*, 259 B.R. 320, 321-22 (Bankr. C.D. Ill. 2001); *In re Shethi*, 389 B.R. 588, 608-09 (Bankr. N.D. Ill. 2008); *In re Reiker*, 2001 WL 34076048 (Bankr. C.D. Ill. 2001); *In re McLaren*, 277 B.R. 810, 812 (S.D. Ill. 1998); *Dowling v. Chicago Options Assoc., Inc.*, 847 N.E.2d 741 (Ill. App. Ct. 2006). The trustee's interpretation of the exemption as applying only to death benefits from life insurance is too limited.

The debtors' interpretation of the statute, however, is far too broad. The debtors assert that any annuity contract is exempt under section 1001(f) whether it is payable upon the death of an insured or not. The first two phrases of subsection (f) make it clear that the net cash value of an annuity contract is exempt only if it is payable upon the death of the insured. These phrases exempt death benefits "payable *because of the death of the insured*" and the cash value of life insurance policies, endowments and annuities "payable to the wife or husband *of the insured.*" The second reference to "the insured" connects the cash value of annuities in the second phrase with the life insurance that is the subject of the first phrase. The first phrase covers the actual benefits paid upon the death of an insured and the second phrase covers the cash value of various types of contracts under which a life can be insured, *e.g.*, life insurance contracts, endowment policies,[1] and annuity contracts. Thus, to be exempt under section 1001(f), the annuity contract payable to the wife or husband of the insured must be payable upon the death of the insured.

Courts have applied this exemption only to protect death benefits and the cash value of life insurance products. *E.g., In re Shethi*, 389 B.R. 588, 608-09 (Bankr. N.D. Ill. 2008) (cash value of life insurance policy is exempt when it is payable to the insured, not only when it is

---

[1] An endowment policy is defined in *Black's Law Dictionary* as "A life insurance policy payable at the end of a specified period, if the insured survives that period, or upon the insured's death if death occurs before the end of the period." *Black's Law Dictionary* (9th ed. 2009).

payable to someone other than the insured); *In re Doyle,* 209 B.R. 897, 905 (Bankr. N.D. Ill. 1997) (life insurance proceeds are property of the estate but can be properly claimed exempt); *In re Bateman,* 157 B.R. 635, 638-40 (Bankr. N.D. Ill. 1993) (life insurance proceeds were exempt from judicial lien); *People ex. rel. White v. Travnick,* 806 N.E.2d 270, 278-79 (Ill. App. 2004) (state not entitled to preliminary injunction freezing proceeds of husband's life insurance policy in securities fraud action).

The debtors have not cited and the court has not found any decision applying this exemption to an annuity of any kind or to any contractual right that was not in essence life insurance. On the other hand, two bankruptcy courts have refused to apply the exemption to annuities from structured settlements of personal injury claims. *In re Griffin,* 2009 WL 4349001, at *3 (Bankr. S.D. Ill. 2009) (J. Altenberger); *In re Simon,* 170 B.R. 999, 1003 (Bankr. S.D. Ill. 1994) (J. Meyers). In *Simon,* the court concluded that an annuity did not fall within the exemption in section 1001(f) because it was "a fund for the payment of personal injury damages," not a payment made because of the death of a spouse. *Id.* The court also noted that the exemption applies only to the net cash value of an annuity, and it was unclear that the annuity in *Simon* had a cash value. *Id.* The same is true in this case on both points. The annuity was paid as a result of a settlement of a personal injury claim, not in connection with insuring the life of either of the debtors. The annuity agreement also appears to have no net cash value so the exemption would not apply in any event.[2] Therefore, the exemption does not apply.

---

[2] The agreement states that "[t]he policy is irrevocable and has no cash value or surrender value and cannot be commuted or surrendered." (Ex. 1 to Debtors' Amend. Answer, Docket No. 27, p. 9).

The debtors also argue that section 1001(f) applies to the annuity because the agreement provides that Ellen Lesak will receive payments upon the death of the "measuring life," Michael Lesak, if he dies before the annuity payments end in 2030. Ellen Lesak's right to payment if her husband dies first does not transform the annuity into a life insurance policy that falls within the scope of section 1001(f). Instead, as the *Simon* court concluded with respect to a similar annuity, any payment to Ellen Lesak in the future will be because of the loss of consortium claim, not from insurance on the life of her husband. *Id.* The benefit Ellen Lesak could potentially receive if Michael Lesak dies before 2030 is merely incidental to the fundamental purpose of the annuity – to compensate for loss of consortium. *See In re Bowen*, 458 B.R. at 922 (when the essence of a policy was disability insurance, a provision for partial refund of a premium to a beneficiary upon the death of insured was merely incidental and section 1001(f) did not apply). The annuity does not fall within the scope of section 1001(f).

Finally, the court notes that if the debtors' argument were accepted, the exemption would have a breathtaking scope. A person who anticipated either a judgment being entered against him or filing for bankruptcy could simply sell all of his assets, use the cash to purchase an annuity payable to his spouse or a dependent, claim the exemption, and thereby place all of his assets beyond the reach of his creditors. The debtors have produced no case authority or any other support for an interpretation of section 1001(f) that could produce such an extreme result.

### III. 735 ILCS 5/12-1001(h)(3) – Life Insurance Contract

The debtors also argue that the annuity is exempt under 735 ILCS 5/12-1001(h)(3). Section 1001(h)(3) exempts

> The debtor's right to receive, or property that is traceable to: a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonable necessary for the support of the debtor or a dependent of the debtor.

735 ILCS 5/12-1001(h)(3).

The trustee argues that this section applies only to payments under a life insurance contract and that, in any event, the time limit for claiming the exemption has expired. He is correct on both points. First, as discussed above, the annuity arises from a structured personal injury settlement and provided compensation for loss of consortium, not a benefit upon the death of Michael Lesak. Second, the statute limits the time in which this exemption can be asserted. It provides that "a debtor's right to receive an award or payment shall be exempt for a maximum of 2 years after the debtor's right to receive the award or payment accrues; property traceable to an award or payment shall be exempt for a maximum of 5 years after the award or payment accrues[.]" 735 ILCS 5/12-1001(h). The annuity contract was issued on September 30, 2003. The debtors filed their petition six years later in August 2011, beyond both of the time limits in subsection (h).

The debtors argue that the time limit in subsection (h) has not expired because the right to payment under the annuity contract does not accrue until each monthly payment is due. This argument has no merit. Michael Lesak received the right to payments for twenty years when the annuity agreement was signed in 2003. *See Simon*, 170 B.R. at 1001 (debtors' "right to receive payments is a contractual right which vested upon execution.") The time period for asserting the exemption has expired, so the exemption would not apply even if the annuity contract insured the life of a person covered by the exemption.

### IV. 735 ILCS 5/12-1001(h)(4) – Personal Bodily Injury

Finally, the debtors claim an exemption in the amount of $30,000 under section 1001(h)(4) as a payment arising from a personal bodily injury claim. Section 1001(h)(4) exempts "The debtor's right to receive, or property that is traceable to: a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent." 735 ILCS 5/12-1001(h)(4).

The parties cited conflicting case law regarding whether both debtors can claim a $15,000 exemption under this section. The issue is whether loss of consortium is a personal bodily injury for purposes of section 1001(h)(4). *See In re Chapman,* 223 B.R. 137 (Bankr. N.D. Ill. 1998); *In re Dealey,* 204 B.R. 17 (Bankr. C.D. Ill. 1997). The court need not decide this question because, as discussed above, the time limit for claiming an exemption under subsection (h) has expired.

### V. Conclusion

For all of these reasons, the trustee's objection to the debtors' claimed exemptions based on 735 ILCS 5/12-1001(f), (h)(3) and (h)(4) is sustained.

Dated: March 26, 2012

ENTERED:

*[signature]*

Carol A. Doyle
United States Bankruptcy Judge